J-S34027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN CAREY, JR. | : | |
| | : | |
| Appellant | : | No. 278 WDA 2022 |

Appeal from the PCRA Order Entered February 3, 2022
In the Court of Common Pleas of Elk County
Criminal Division at CP-24-CR-0000221-2019

BEFORE:    DUBOW, J., MURRAY, J., and PELLEGRINI, J.*

MEMORANDUM BY MURRAY, J.:                    **FILED: OCTOBER 28, 2022**

John Carey, Jr. (Appellant) appeals from the denial of his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm the PCRA court's order, but for reasons other than those stated by the PCRA court. ***See Commonwealth v. Wilcox***, 174 A.3d 670, 674 n.4 (Pa. Super. 2017) (explaining the Superior Court is not bound by the lower court's rationale and may affirm on any basis supported by the record).

On August 5, 2019, Appellant pled guilty to one count each of involuntary deviate sexual intercourse and photographing, videotaping,

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

depicting on computer or filming sexual acts.[2]  On December 2, 2019, the trial court sentenced Appellant to an aggregate 6 - 20 years in prison.  The trial court also ordered:

> 11.  In addition to the general conditions of parole, as an additional condition of parole, [Appellant] shall have no direct or indirect contact with the victim, K.H.

Sentence, 12/2/19, ¶ 11.  Appellant did not appeal.

Appellant filed a *pro se* PCRA petition on February 8, 2021.  The PCRA court appointed counsel, who filed an amended PCRA petition on July 30, 2021.  The PCRA court conducted an evidentiary hearing, and on February 3, 2022, entered an order denying the petition on its merits.  Order, 2/3/22.  Appellant timely appealed.  Both and the PCRA court have complied with Pa.R.A.P. 1925.[3]

Appellant presents the following issue for our review:

> WHETHER THE [TRIAL] COURT ERRED IN IMPOSING AN ILLEGAL SENTENCE BY ISSUING CONDITIONS OF PAROLE WHERE NO AUTHORITY EXISTED FOR SUCH ISSUANCE[?]

_____

[2] **See** 18 Pa.C.S.A. §§ 3123(a)(7), 6312(b).

[3] Appellant improperly filed a second, *pro se* PCRA petition on May 25, 2022. **See Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) ("when an appellant's PCRA appeal is pending [], a subsequent PCRA petition cannot be filed until the resolution of … the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review."), *overruled on other grounds Commonwealth v. Small*, 238 A.3d 1267, 1281 (Pa. 2020).

Appellant's Brief at 4.[4]

We must consider whether Appellant timely filed his PCRA petition. **See Commonwealth v. Leggett**, 16 A.3d 1144, 1145 (Pa. Super. 2011) ("[t]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues if the petition is not timely filed." (citation omitted)). Generally, a PCRA petition must be filed within one year of the date the judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). There are three statutory exceptions to the timeliness requirement: governmental interference, newly discovered facts, and newly recognized constitutional right(s). 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The trial court sentenced Appellant on December 2, 2019. Because Appellant did not appeal, his judgment of sentence became final, for purposes of the PCRA, on January 2, 2020. **See** 42 Pa.C.S.A. § 9545(b)(3) ("judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); Pa.R.A.P. 903(a) ("notice of appeal … shall be filed within 30 days"); **see also** 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period shall fall on … any day made a legal holiday by the laws of this Commonwealth or of the

---

[4] Appellant withdrew two issues he raised before the PCRA court, and challenges the legality of his sentence for the first time in this appeal.

United States, such day shall be omitted from the computation."). Accordingly, Appellant had until January 2, 2021, to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant's PCRA petition, filed on February 8, 2021, is facially untimely.[5] Further, Appellant did not plead or prove any exception to the PCRA's timeliness requirement.

Appellant attempts to avoid the PCRA's timeliness requirement by challenging the legality of his sentence. Appellant's Brief at 4, 9. However, Appellant concedes he did not raise this issue before the PCRA court. **See id.** at 4 (acknowledging the issue was "[u]nanswered by the lower court, as the issue was not raised."). The PCRA court did not address Appellant's sentencing challenge in its Pa.R.A.P. 1925(a) opinion.

It is axiomatic that "[a]ny claim not raised in the PCRA petition is waived and not cognizable on appeal." **Commonwealth v. Washington**, 927 A.2d 586, 601 (Pa. 2007); Pa.R.A.P. 302(a) ("Issues not raised in the [lower] court are waived and cannot be raised for the first time on appeal."). This Court has expressly held that a challenge to the legality of sentence not raised before the PCRA court cannot be considered on appeal. **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. Super. 2011). Because Appellant failed to raise his sentencing claim within the jurisdictional time limits of the PCRA, we cannot grant relief. **See id.**; **see also Commonwealth v. Fahy**, 737 A.2d 214, 223

---

[5] There is no postmarked envelope or prison receipt in the certified record.

(Pa. 1999) (challenges to illegal sentences are subject to the PCRA's time limitations). Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/28/2022